IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNIE VANCE SMITH,

        Plaintiff,

                                  3:15-CV-264-PK

                                  OPINION AND
v.                                 ORDER

HSBC BANK,

        Defendant.

SIMON, District Judge:

        Plaintiff *pro se* Ronnie Vance Smith filed this action *in forma pauperis* against defendant HSBC Bank[1] on February 13, 2015. On February 24, 2015, noting that it was entirely unclear

---

[1] By and through his complaint (#2), his motion (#3) for temporary restraining order, and his so-styled notice (#4) of pendency of action, Smith identifies the defendant(s) in his action as "HSBC Bank *et al.*," but nowhere identifies any defendant other than HSBC Bank. In his application to proceed *in forma pauperis*, where directed to "Enter full name of ALL defendant(s)" Smith listed only HSBC Bank as a defendant. On that basis, I conclude that HSBC Bank is the sole named defendant in this action.

what claim or claims Smith intended to bring against the defendant, Judge Papak ordered Smith to show cause within thirty days why his action should not be dismissed for failure to state a claim, and in the alternative to amend his complaint to clearly state one or more claims. On March 13, 2015, Judge Papak granted Smith's motion for extension of time to amend his pleading, ordering that Smith file his amended complaint on or before May 12, 2015. On May 12, 2015, Judge Papak granted Smith's second motion for extension of time to amend his pleading, ordering that Smith file his amended complaint on or before June 12, 2015. That latter deadline has now passed, and the court has received no response to Judge Papak's order to show cause.

In connection with proceedings *in forma pauperis* such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
>     (B)    the action . . .
>
> * * *
>
>     (ii)    fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2). Because it is not possible to determine from Smith's allegations what claim or claims Smith may intend to state, or indeed that Smith has any valid claim that may lie against the named defendant, his action is subject to *sua sponte* dismissal pursuant to Section 1915(e)(2)(B)(ii). Moreover, Smith has failed to respond to Judge Papak's order to show cause within the time allotted for so doing. For the reasons discussed in Judge Papak's order (#8) to show cause, Smith's action is dismissed in its entirety pursuant to Section 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, Smith's complaint is dismissed with prejudice.

DATED this 24th day of June, 2015.

Honorable Michael Simon
United States District Judge